[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, Russell J. Morrison, commenced this action claiming a dissolution of his marriage to the defendant, Myrna A. Carlson, joint custody of the minor child, Zachary, an equitable division of real and personal property of the parties, an assignment of the defendant's interest in real property located at 48 Reynolds Street Extension, Norwich, Connecticut, and such other relief legal and equitable as the Court deems proper.
The defendant filed a cross complaint claiming a legal separation, sole custody of the minor child, child support, alimony, an order that plaintiff vacate the family premises, an assignment of the estate of the plaintiff, counsel fees, a change of name, and such other relief as this Court may deem equitable.
The trial of the matter was held on November 23, 1993, and the Court finds the following facts as proved:
(1) Plaintiff and the defendant intermarried at New London, Connecticut, on July 2, 1988.
(2) Plaintiff has resided continuously in this state for at least one year next preceding the date of filing of his complaint.
(3) The marriage of the parties has broken down irretrievably.
(4) There is one minor child issue of the marriage, Zachary T. Carlson-Morrison, born October 13, 1991.
(5) The parties were separated from August or September 1990 to November 1990 when they reconciled. The parties have now been separated since November 1992.
(6) Neither party resides in the marital residence which has been conveyed to and is now the sole property of the defendant wife. She has two rentals coming to her from the renting of the marital residence. CT Page 11087
The cause of the breakdown of the marriage is the behavior, attitude and lifestyle of the parties. It appears that they have personalities which do not agree and their views and outlook on life, care of the child and other matters seem to clash constantly. Several allegations of sexual misconduct were made by the defendant against the plaintiff, but she had no names, dates, places or any concrete specific evidence to substantiate her claims. Based on her testimony, the Court concludes that it was more suspicion than actuality.
The defendant also accused the plaintiff of several instances of abuse, which were extremely minor in nature, such as throwing shaving cream on her and that sort of thing, but not what this Court would characterize as physical violence.
The plaintiff is thirty years old and this is his first marriage. He is a lieutenant in the United States Navy and presently earns a gross salary of $1,223.24 per week. His net income is $932.98 per week.
The defendant is thirty-six years old and this is her third marriage. She has children by previous marriages. She is employed as a counselor by the Child and Family Agency of Southeastern Connecticut and earns a gross weekly pay of $509.61 and a net weekly wage of $426.37.
The defendant also suffers from Graves disease and asthma, but neither are of sufficient seriousness to prevent her from working and being fully employed. The defendant also receives rental income from the home at 48 Reynolds Street Extension in Norwich, but the evidence was not clear as to whether or not the amount of rentals exceeds the amount of expenses, such as mortgage and insurance.
The parties have only two assets according to their affidavits. One is the residence at 48 Reynolds Street Extension which is solely in the name of the defendant and has a value of $100,000 with a mortgage of $75,000 and an equity of $25,000 according to her affidavit. In addition, they have two vehicles — a 1988 Nissan Pathfinder and a 1986 Mercury automobile.
The plaintiff seeks joint custody of the child with primary physical residence with the defendant mother. However, the defendant mother not only seeks a separation rather than a CT Page 11088 dissolution of the marriage, but also seeks sole custody of the child.
After reviewing all of the facts found, the evidence presented and the statutory criteria as set forth in Connecticut General Statutes 46b-81, 46b-82 and 46b-84, the Court enters the following orders:
(A) The marriage is dissolved.
(B) Sole custody of the minor child, Zachary, is awarded to the defendant mother subject to reasonable rights of visitation in favor of the father. Said reasonable rights of visitation shall include, but not be limited to:
 a. On the first and third week of each month from 4:30 p.m. Monday to 8:00 a.m. Tuesday; 4:30 p.m. to 8:00 a.m. Thursday; and 4:30 p.m. Saturday through 8:00 a.m. on Monday of the second week.
 b. On the second and fourth week of each month, from 4:30 p.m. Wednesday to 8:00 a.m. Thursday, effective December 7, 1993, such visitation shall be expanded to include 4:30 p.m. Tuesday to 8:00 a.m. Thursday. Additional time shall be from 4:30 p.m. Friday to 8:00 p.m. on Saturday.
 c. Christmas Day from 12 noon to 5:00 p.m. on December 26.
 d. The following holidays will be shared: Easter, Memorial Day, July Fourth, Labor Day and Thanksgiving.
e. A one-week vacation each year.
Both parties shall provide the other with ten days notice of their intention to exercise extended time, such as vacation time, with the child, and the mother shall provide the father with at least ninety days notice of her intention to relocate outside the State of Connecticut.
(C) The plaintiff shall pay child support to the CT Page 11089 defendant wife and mother in the amount of $210 per week which is in accordance with the child support guidelines. A contingent wage execution is hereby ordered. Plaintiff shall be entitled to claim the child as an exemption for state and federal tax purposes. The defendant shall be responsible for all day care costs of the minor child.
(D) Plaintiff shall continue to maintain medical insurance coverage for the benefit of the minor child for so long as the minor child remains eligible for coverage pursuant to the provisions of the plaintiff's insurance provider. The parties shall pay equally 50 percent each any unreimbursed medical, dental, optical, psychological, orthopedic or orthodontic expenses of the minor child. The provisions of Connecticut General Statutes 46b-84(c) shall apply.
(E) The real estate at 48 Reynolds Street Extension, Norwich, Connecticut, shall be the sole and exclusive property of the defendant who shall pay all mortgages, taxes, insurances and encumbrances and indemnify and hold harmless the plaintiff from same.
(F) The 1988 Nissan Pathfinder shall be the sole and exclusive property of the defendant. She shall not be liable for any payments due on said motor vehicle, if any there be. The 1986 Mercury Topaz shall be the sole and exclusive property of the plaintiff. Each party shall assume and be responsible for the debts listed on their financial affidavit and shall hold harmless the other from and against any of said debts.
(G) The plaintiff shall pay to the defendant periodic alimony in the amount of $100 per week for a period of four years. Said alimony shall be nonmodifiable as to term and amount and shall be terminated sooner only upon the defendant wife's death, remarriage or cohabitation as defined by Connecticut General Statutes.
(H) The plaintiff is ordered to pay toward defendant's counsel fees the sum of $1,000 within thirty days of the date of this decision. Said sum shall be payable directly to defendant's counsel or to defendant's counsel by way of plaintiff's attorney.
In arriving at the decision herein set forth above, this Court has taken into consideration the evidence and CT Page 11090 testimony with regard to each and every one of the twenty-nine claims made by the defendant.
The restraining order of Judge Hendel dated December 13, 1993 is hereby vacated and terminated.
R. T. O'Connell, J.